UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL GONZALEZ,<br>　　　　Petitioner,<br>　　vs.<br>SCOTT McEWEN, Warden,<br>　　　　Respondent. | Case No. SACV11-1595-SVW (DTB)<br><br>ORDER TO SHOW CAUSE |

On October 14, 2011, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Pet.") herein. The Petition purports to be directed to a 2006 conviction sustained by petitioner in Orange County Superior Court. (See Pet. at ¶¶ 1-2.)

Based on its review of the Petition as well as information derived from the California Appellate Courts website[1], it appears to the Court that the Petition is time barred. Accordingly, on or before **January 6, 2012**, petitioner is ORDERED to show

/ / /
/ / /
/ / /

---

[1] http://appellatecases.courtinfo.ca.gov/index.html

1

cause in writing (if any he has) why the Court should not recommend that this action be dismissed with prejudice on the ground of untimeliness.[2]

## THE TIME BAR ISSUE

Since this action was filed after the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") on April 24, 1996, it is subject to the AEDPA's one-year limitation period, as set forth at 28 U.S.C. § 2244(d). See Calderon v. United States District Court for the Central District of California (Beeler), 128 F.3d 1283, 1287 n.3 (9th Cir. 1997).[3] 28 U.S.C. § 2244(d) provides:

> "(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution

---

[2] The Ninth Circuit has held that the district court has the authority to raise the statute of limitations issue *sua sponte* when untimeliness is obvious on the face of the petition and to summarily dismiss a petition on that ground pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, so long as the court "provides the petitioner with adequate notice and an opportunity to respond." See Nardi v. Stewart, 354 F.3d 1134, 1141 (9th Cir. 2004); Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

[3] Beeler was overruled on other grounds in Calderon v. United States District Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998) (en banc).

    or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

  From a review of the Petition, as well as the California Appellate Courts website, it appears that petitioner appealed the underlying judgment of conviction to the California Court of Appeal, which subsequently affirmed the judgment on February 28, 2008.[4] Thereafter, petitioner filed a Petition for Review in the California Supreme Court on or about March 17, 2008, which was subsequently denied on May 14, 2008. Thus, "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review" was August 12, 2008, when the 90-day period for petitioner to petition the United States Supreme Court for a writ of certiorari expired. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); Beeler, 128 F.3d at 1286 n.2. Therefore, for purposes of 28 U.S.C. § 2244(d)(1)(A), petitioner's judgment of conviction "became final by conclusion of direct review or the expiration of the time for seeking such review" on August 12, 2008, and his one-year limitations period under the AEDPA expired on August 12, 2009, absent either a late-trigger date or a basis for tolling of the statute.

---

  [4] The Court notes that petitioner alleges that the date of the decision of the Court of Appeal was February 27, 2008, however a review of the California Appellate Court's website reveals that the judgment was affirmed on February 28, 2008.

1    From the face of the Petition, it does not appear that petitioner has any basis for
2 contending that he is entitled to a later trigger date under § 2244(d)(1)(B).  Nor does
3 it appear that petitioner has a basis for contending that any of his claims is based on
4 a federal constitutional right that was initially recognized by the United States
5 Supreme Court subsequent to the date of his conviction became final and that has
6 been made retroactively applicable to cases on collateral review, as provided in §
7 2244(1)(C).  Finally, it appears that petitioner has no basis for contending that he is
8 entitled to a later trigger date under § 2244(d)(1)(D) since petitioner was aware of the
9 **factual** predicate of his claim as of the date his petition for review was denied.  See
10 Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (statute of limitations
11 begins to run when a prisoner "knows (or through diligence could discover) the
12 important facts, not when the prisoner recognizes their legal significance").

13    Thus, unless a basis for tolling the statute existed, petitioner's last day to file
14 his federal habeas petition was November 19, 1999.  See Patterson v. Stewart, 251
15 F.3d 1243, 1246 (9th Cir. 2001); Beeler, 128 F.3d at 1287-88.

16    28 U.S.C. § 2244(d)(2) provides:
17    "The time during which a properly filed application for State post-
18    conviction or other collateral review with respect to the pertinent
19    judgment or claim is pending shall not be counted toward any period of
20    limitation under this subsection."
21

22    In Nino v. Galaza, 183 F.3d 1003 (9th Cir. 1999), the Ninth Circuit construed
23 the foregoing tolling provision with reference to California's post-conviction
24 procedures.  The Ninth Circuit held that "the statute of limitations is tolled from the
25 time the first state habeas petition is filed until the California Supreme Court rejects
26 the petitioner's final collateral challenge." See id. at 1006.  Accord, Carey v. Saffold,
27 536 U.S. 214, 219-21, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that, for
28 purposes of statutory tolling, a California petitioner's application for collateral review

remains "pending" during the intervals between the time a lower state court denies the application and the time the petitioner files a further petition in a higher state court). However, the statute of limitations is not tolled during the interval between the date on which the judgment of conviction became final and the filing of the petitioner's first collateral challenge. See Nino, 183 F.3d at 1006.

Here, petitioner's first collateral challenge took the form of a habeas petition filed in the Orange County Superior Court on or about May 28, 2010. Thus, petitioner's first state habeas petition was filed after the AEDPA limitations period lapsed.

Once the AEDPA limitations period lapsed in August, 2009, it could not be reinitiated. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001); Wixom v. Washington, 264 F.3d 894, 898-99 (9th Cir. 2001); Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000). Therefore, as all of petitioner's state habeas petitions were filed after the AEDPA limitations period had lapsed, it appears there is no basis for statutory tolling of the limitations period with respect to the Petition.

In Holland v. Florida, _U.S._, 130 S. Ct. 2549 (2010), the Supreme Court held that the timely filing of a habeas petition was not jurisdictional, but rather was subject to equitable tolling. If petitioner intends to rely on the equitable tolling doctrine for purposes of arguing that his federal habeas petition is timely, he will need to include with his Response to this Order to Show Cause a declaration under penalty of perjury stating facts showing (1) that he has been pursuing his rights diligently, and (2) that some "extraordinary circumstances" beyond petitioner's control stood in his way

///
///
///

1 | and/or made it impossible for him to file the Petition on time. See <u>Pace v.</u>
2 | <u>DiGuglielmo</u>, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005); see also
3 | <u>Roy v. Lampert</u>, 465 F.3d 964, 969 (9th Cir. 2006); <u>Raspberry v. Garcia</u>, 448 F.3d
4 | 1150, 1153 (9th Cir. 2006).

6 | DATED: December 9, 2011

*[signature]*

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE